HARVEY SISKIND LLP
IAN K. BOYD (SBN 191434)
email: iboyd@harveysiskind.com
MATTHEW A. STRATTON (SBN 254080)
email: mstratton@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
TREASURE ISLAND MEDIA, INC.

FILED 09 MAR 27 PM 3:46

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREASURE ISLAND MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>D. RICHARD BOISE, an individual and Massachusetts citizen; and DOES 1-25,<br><br>Defendants. | CV Case No. 09 1373<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (COPYING), COPYRIGHT INFRINGEMENT (DISTRIBUTION), AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Treasure Island Media, Inc. ("TIM"), for its Complaint against defendants D. Richard Boise ("Boise"), and Does 1-25 (collectively, "Defendants"), alleges as follows:

This action arises from Defendants' unauthorized infringement of TIM's copyrighted films. Defendants' actions are blatant piracy: they make or obtain unauthorized copies of TIM's copyrighted films and sell them to the public via the internet and other means. Defendants' actions are especially egregious because they are in breach of a 2008 written agreement with TIM in which they agreed to desist from such infringement. In light of Defendants' continued piracy and total disregard of the parties' written agreement, TIM now brings this action.

**JURISDICTION**

1. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (federal question) and 28 U.S.C. §1338(a) (copyright) because this action arises under the Copyright Act, 17 U.S.C. §§101, *et seq*. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because this action is between citizens of diverse states and the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over TIM's state law claims pursuant to 28 U.S.C. §1367(a).

**INTRADISTRICT ASSIGNMENT**

2. This is an intellectual property action and therefore shall be assigned on a district-wide basis per Civil L.R. 3-2(c).

**VENUE**

3. Venue is proper under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**THE PARTIES**

4. TIM is a corporation organized and existing under the laws of the State of California. TIM's principal place of business is 2215-R Market Street, # 435, San Francisco, California.

5. Upon information and belief, Boise is an individual and Massachusetts citizen residing at 38 Brown Street, Condo #3, Marlborough, Massachusetts.

6. TIM is presently ignorant of the true names and capacities of Defendants sued herein as Does 1-25 and therefore sues these Defendants by such fictitious names. TIM will amend its Complaint to allege these Defendants' true names and capacities when ascertained.

7. At all times herein mentioned, each Defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and approved the acts of the remaining Defendants.

**FACTS**

8. TIM is a well-known producer of adult films. TIM's films ("the Copyrighted Works") are marketed to a gay, male audience. TIM reproduces and distributes for sale the Copyrighted Works in

numerous formats, including digital video disk (DVD) and streaming video via the internet. The Copyrighted Works are sold in retail stores throughout the U.S. and internationally, and through the internet. As a result, members of the general public, including Boise, have access to the Copyrighted Works. In DVD-format, the Copyrighted Works retail for approximately $49-$59 per title. TIM's Copyrighted Works are very popular.

9. TIM routinely registers the Copyrighted Works with the U.S. Copyright Office.

10. In early 2008, TIM became aware that Boise was advertising and selling pirated copies of the Copyrighted Works. On information and belief, Boise made or obtained unauthorized DVD-format copies of various titles of the Copyrighted Works ("Pirated DVDs"). Boise would attract buyers by posting advertisements on popular internet websites, such as <www.craigslist.com>, and other information channels. According to Boise's advertisements, Boise offered for sale Pirated DVDs that comprised at least thirty-one different titles. Boise sold the Pirated DVDs for approximately $5 - $7 per title.

11. In response, attorneys for TIM contacted Boise by letter dated March 5, 2008 ("Letter"). The Letter notified Boise of TIM's valid copyright ownership and registrations in the Copyrighted Works. The Letter advised Boise of the potential legal consequences associated with copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.* TIM's Letter demanded the following:

> Treasure Island will pursue judicial intervention to remedy this matter unless you agree to immediately: (1) cease and desist from all such sales; (2) provide to this office all copies of your illegal inventory of Treasure Island movies; and (3) sign this letter below confirming that you have (a) ceased all unauthorized reproductions, distributions, and sales of Treasure Island movies, and (b) provided all existing copies in your inventory to this office.

12. TIM's offer in the Letter was "conditioned on a prompt resolution" and demanded a response by "no later than March 14, 2008." The Letter provided Boise a mechanism to agree to the terms of TIM's offer by signing the designated portion of the letter that read "Read and agreed to by: ____________________."

13. On or about March 14, 2008, attorneys for TIM received an executed copy of the Letter from Boise ("Agreement"). In the appropriate place, Boise had signed his name, indicating his

acceptance of the terms of TIM's offer. Next to his signature, Boise wrote the date "3/13/08." A copy of the Agreement is attached hereto as Exhibit A.

14. In accord with the Agreement, Boise shipped the pirated DVDs to TIM's counsel in March 2008.

15. On February 22, 2009, TIM learned that Boise resumed his promotion and sale of Pirated DVDs. A TIM employee received an email from Boise's email address, rboise1970@verizon.net, with the subject "NEW VIDS HAVE COME IN" (the "Email"). The Email elaborated: "Hey guy..I got in a bunch of New Treasure Island Media Movies. They are as follows.. only $7.50 each disk." Boise went on to list twelve different titles of the Copyrighted Works.

16. On March 9, 2009, attorneys for TIM contacted Boise in an effort to amicably resolve the dispute. He refused. On March 18, 2009, attorneys for TIM again contacted Boise and tried to settle, in an effort to avoid filing this suit. Boise again refused to compromise.

17. TIM is informed and believes that Defendants illegally reproduced many or all of the Copyrighted Works, or works substantially similar thereto.

18. TIM is informed and believes that Defendants illegally sold and otherwise distributed copies of the Copyrighted Works, or works substantially similar thereto, to the public.

19. TIM is informed and believes that Defendants financially benefited from the sale of the Pirated DVDs.

20. TIM continues to suffer considerable harm as a direct and proximate result of Defendants' ongoing tortious acts.

**FIRST CAUSE OF ACTION**
**Copyright Infringement - Copying**
**17 U.S.C. §106(1)**

21. TIM realleges and incorporates by reference the allegations of Paragraphs 1 through 20.

22. The Copyrighted Works constitute copyrightable subject matter because they are motion pictures and other audiovisual works within the meaning of the 17 U.S.C. §102(a)(6).

23. TIM owns the registered copyrights to the Copyrighted Works sold as Pirated DVDs by Defendant.

24. As copyright owner, TIM has the exclusive right, pursuant to 17 U.S.C. §106(1), to reproduce the Copyrighted Works in copies or phonorecords.

25. As noted above, Defendants have access to the Copyrighted Works.

26. Defendants have each willfully committed direct and/or contributory copyright infringement based on their respective roles in the exploitation of the Pirated DVDs. Specifically, Defendants have violated TIM's exclusive rights under 17 U.S.C. §106(1) by reproducing the Copyrighted Works, or works substantially similar thereto.

27. As a direct and proximate result of this willful copyright infringement, TIM has suffered and is suffering irreparable injury. TIM will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

28. Also as a direct and proximate result of this willful copyright infringement, TIM has suffered and is suffering monetary damages in an amount to be determined at trial of at least $150,000 per infringement pursuant to Section 504 of the Copyright Act.

29. TIM has been forced to retain a law firm to prosecute this action in order to protect its rights as a copyright owner.

**SECOND CAUSE OF ACTION**
**Copyright Infringement – Distribution**
**17 U.S.C. §106(3)**

30. TIM realleges and incorporates by reference the allegations of Paragraphs 1 through 29.

31. The Copyrighted Works constitute copyrightable subject matter because they are motion pictures and other audiovisual works within the meaning of the 17 U.S.C. §102(a)(6).

32. TIM owns the registered copyrights to the Copyrighted Works sold as Pirated DVDs by Defendants.

33. As a copyright owner, TIM has the exclusive right, pursuant to 17 U.S.C. §106(3), to distribute copies or phonorecords of the Copyrighted Work to the public by sale or other transfer of ownership.

34. As noted above, Defendants have access to the Copyrighted Works.

35. Defendants have each willfully committed direct and/or contributory copyright infringement based on their respective roles in the exploitation of the Pirated DVDs. Specifically,

Defendants have violated TIM's exclusive rights under 17 U.S.C. §106(3) by selling and otherwise distributing copies of the Copyrighted Works, or works substantially similar thereto, to the public.

36. As a direct and proximate result of this willful copyright infringement, TIM has suffered and is suffering irreparable injury. TIM will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

37. Also as a direct and proximate result of this willful copyright infringement, TIM has suffered and is suffering monetary damages in an amount to be determined at trial of at least $150,000 per infringement pursuant to Section 504 of the Copyright Act..

38. TIM has been forced to retain a law firm to prosecute this action in order to protect its rights as a copyright owner.

**THIRD CAUSE OF ACTION**
**Breach of Contract**

39. TIM realleges and incorporates by reference the allegations of Paragraphs 1 through 38.

40. The Agreement, signed and returned to TIM by Defendants, constituted a contract under which Defendants would, among other promises, "cease and desist" from the sale of Pirated DVDs. In exchange, TIM agreed to forego its right to sue Defendants for their misconduct.

41. TIM performed its obligations under the Agreement. Specifically, TIM refrained from suing Defendants for their misconduct.

42. Defendants breached the Agreement. Specifically, Defendants failed to "desist" from their sale of the Pirated DVDs, and continue to do so.

43. As a direct and proximate result of this breach of contract, TIM has suffered and is suffering monetary damages in an amount to be determined at trial, but well in excess of $75,000.

**PRAYER FOR RELIEF**

Wherefore, TIM prays for relief as follows:

1. An injunction, pursuant to 17 U.S.C. §502, prohibiting Defendants from copying or distributing performing the Copyrighted Works or any work that is substantially similar to the Copyrighted Works, in whole or in part; prohibiting Defendants from preparing derivative works based on the Copyrighted Works; and prohibiting Defendants' from distributing DVDs, CDs,

videocassette tapes, data files, or any other media containing the Copyrighted Works or any other work that is substantially similar to the Copyrighted Works, in whole or in part.

2. An order, pursuant to 17 U.S.C. §503, that all DVDs, CDs, videocassette tapes, data files, or any other media containing the Copyrighted Works or any other form of media that is substantially similar to the Copyrighted Works, in whole or in part, be destroyed;

3. Actual damages and profits, or statutory damages, as provided in 17 U.S.C. §504;

4. A complete and accurate accounting of all revenues resulting from Defendants' reproduction, distribution, sales, licenses, performance, and other unauthorized uses of the Copyrighted Works, or works substantially similar thereto;

5. Costs of suit incurred;

6. Interest at the highest rate allowed by law; and

7. Such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

TIM hereby demands trial by jury of all issues so triable.

Dated: March 27, 2009

Respectfully submitted,
HARVEY SISKIND LLP
IAN K. BOYD
MATTHEW A. STRATTON

By: Matthew A. Stratton
Matthew A. Stratton

Attorneys for Plaintiff
TREASURE ISLAND MEDIA, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: March 27, 2009

Respectfully submitted,
HARVEY SISKIND LLP
IAN K. BOYD
MATTHEW A. STRATTON

By: Matthew A. Stratton
Matthew A. Stratton

Attorneys for Plaintiff
TREASURE ISLAND MEDIA, INC.

# EXHIBIT A

HARVEY ▪ SISKIND LLP

March 5, 2008

Ian K. Boyd

**VIA E-MAIL & CERTIFIED MAIL**

Mr. Rick Boise
38 Brown Street, Condo #3
Marlborough, MA 01752

Re: *Copyright Infringement*

Dear Mr. Boise:

Our law firm represents Treasure Island Media ("Treasure Island"). I refer you to the copyrighted Treasure Island films that you offer for sale on www.craigslist.com. You offer these films for approximately $5.00 - $7.50 each and without the standard packaging. It is apparent that you are illegally reproducing and distributing at least 31 pirated videos that are owned by and registered to Treasure Island, in circumvention of federal copyright law.

Under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, our client is entitled to recover from you personally, at a minimum, both statutory damages (17 U.S.C. § 504) and attorneys' fees (17 U.S.C. § 505). The Copyright Act permits statutory damages of up to $30,000 for each infringement, and up to $150,000 per infringement where it was committed willfully. Section 504.

Your unauthorized distribution and sale of these videos for profit is intentional and without justification, entitling Treasure Island to a higher degree of damages. Treasure Island will pursue judicial intervention to remedy this matter unless you agree to immediately: (1) cease and desist from all such sales; (2) provide to this office all copies of your illegal inventory of Treasure Island movies; and (3) sign this letter below confirming that you have (a) ceased all unauthorized reproductions, distributions, and sales of Treasure Island movies, and (b) provided all existing copies in your inventory to this office.

Treasure Island's offer to settle this matter is conditioned on a prompt resolution. If it is forced to incur additional time and expense to resolve this matter, then its settlement requirements

Mr. Rick Boise
March 5, 2008
Page 2

will substantially increase, and any subsequent resolution will require a substantial monetary component from you in order to settle this matter.

I look forward to hearing from you by no later than **March 14, 2008.** If you do not respond by that time, then Treasure Island will initiate litigation in United States District Court for the District of Massachusetts without further notice.

Sincerely,

Ian K. Boyd

**Read and agreed to by:**

3/13/08

**Rick Boise**